| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| CLOVIS PRINCE, § | |
| § | |
| Appellant, § | |
| § | |
| versus § | CIVIL ACTION NO. 4:12-CV-645 |
| § | |
| MICHELLE H. CHOW, § | |
| § | |
| Appellee. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Appellee Michelle Chow's ("Chow"), Trustee for the Estates of Clovis L. Prince ("Prince"), Crown Project Management, Inc. ("Crown"), and C. Prince & Associates Consulting, Inc. ("Prince Consulting") (collectively, "Debtors"), First Amended Motion to Dismiss Appeal Filed by Clovis L. Prince (#7). Chow seeks to dismiss Prince's appeal from the United States Bankruptcy Court for the Eastern District of Texas' entry of final judgment in adversary proceeding No. 10-4214 (Bankr. E.D. Tex. Sept. 18, 2012). Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that the motion should be granted and the appeal dismissed.

I. Background

Clovis Prince ("Prince") wholly owns Crown and Prince Consulting.[1] In November 2009, Prince, Crown, and Prince Consulting filed separate petitions for relief under Chapter 7 of the

---

[1] Prince, a *pro se* litigant, was convicted of bank fraud, bankruptcy fraud, money laundering, and perjury on December 9, 2010. Prince was sentenced to thirty years' imprisonment as to count one and ten years' imprisonment as to counts two through fifteen of the indictment, to run concurrently in case number 4:09-CR-161, and five years' imprisonment as to counts one through twenty-three of the indictment, to run concurrently in case number 4:10-CR-47. Further, the court ordered the payment of restitution in the amount of $13,640,425.56.

Bankruptcy Code. On April 23, 2010, the Bankruptcy Court entered an order granting the joint administration of Prince's, as an individual, Prince Consulting's, and Crown's case. On September 15, 2010, and November 30, 2011, Chow filed a Complaint and Amended Complaint to Avoid Fraudulent Transfers and for Turnover against: (1) Prince and Katherine Robinson ("Robinson"), as trustees of the Clovis L. Prince, Katherine M. Robinson, and Tamika D. Prince Trust ("Trust"); (2) Robinson, individually; and (3) P&A Real Estate, Inc ("P&A"). *See* No. 10-4214 (Bankr. E.D. Tex. Sept. 15, 2010), ECF Nos. 1, 76. As Trustee for the estate, Chow moved to avoid transfers of real property to the Trust. Prince was the trustee of the Trust until April 16, 2010, and Robinson, his wife, is purportedly the current trustee. The beneficiaries of the Trust are Prince, Robinson, and Prince's daughter. Chow's complaint alleges that in the four years leading up to the filing of the bankruptcy petition, Debtors transferred several properties to the Trust or P&A. The complaint avers that both the Trust and P&A were insiders of Prince, had no bank accounts until April 2010, and provided no consideration for the transfers. Chow further contends that the transfers were made while Debtors were insolvent to hinder, delay, and defraud creditors. Chow also seeks turnover from Robinson of post-petition rental payments and insurance proceeds from property owned by Debtors. On July 7, 2011, Chow filed a motion for partial summary judgment seeking a ruling to avoid a number of transfers of properties listed in the complaint and turnover of the rental property and insurance proceeds collected by Robinson.

The defendants' representation during the adversary proceeding was a revolving door of attorneys. On October 1, 2010, attorney Christopher Moser filed an answer to the complaint on behalf of the Trust and Robinson. Moser later withdrew as counsel for the Trust and Robinson. Prince filed an answer on behalf of himself individually, the Trust, and P&A. Subsequently,

Marlon Frazier entered a notice of appearance on behalf of Robinson, individually and as trustee of the Trust, but also withdrew from representation. On August 18, 2011, Reedy Macque Spigner filed a notice of appearance on behalf of Robinson, individually. On February 21, 2012, the Bankruptcy Court ordered the Trust to retain counsel and respond to Chow's pending Motion for Partial Summary Judgment, stating that although Prince purported to be the current trustee for the Trust and to represent the Trust in the proceeding, a non-attorney trustee may not represent a trust *pro se* in federal courts. The Trust did not retain counsel to respond to Chow's motion.

On March 30, 2012, the Bankruptcy Court granted partial summary judgment in favor of Chow, avoiding six of the transfers as fraudulent and requiring an accounting and turnover by Robinson of the car insurance proceeds. *See* ECF Nos. 87, 88. On June 4, 2012, the Bankruptcy Court granted Chow's motion to strike the Trust's answer because it was not represented by counsel. ECF No. 116. Subsequently, Chow moved for entry of default judgment against the Trust to avoid the transfers of property not addressed in the partial summary judgment order. ECF No. 123. After holding a hearing, the Bankruptcy Court granted the motion and awarded default judgment against the Trust. Finally, on September 18, 2012, the Bankruptcy Court entered final judgment ordering that the transfers of certain properties to the Trust be avoided as fraudulent, entering judgment for Chow against Robinson for the car insurance proceeds, and dismissing all other claims against Robinson and P&A.

On October 10, 2012, Prince appealed the entry of final judgment. Shortly thereafter, Chow filed the instant motion to dismiss Prince's appeal. Chow maintains that Prince lacks standing to assert an appeal because the Bankruptcy Court did not enforce any rights or award any remedies against him as an individual and, thus, he was not adversely affected by the Bankruptcy

3

Court's order. In response, Prince argues that his status as the debtor in the bankruptcy proceeding vests in him standing to appeal. Without addressing the immediate issues raised in Chow's motion, he also requests that the appeal be placed in abeyance until his criminal appeal has been heard by the United States Court of Appeals for the Fifth Circuit.

II.     Analysis

To determine whether a party has standing in bankruptcy court, the courts use the "person aggrieved" test. *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004); *see Schum v. Zwirn Special Opportunities Fund LP (In re The Watch Ltd.)*, 257 F. App'x 748, 749 (5th Cir. 2007); *Diaz v. Stone*, No. 5-10-74, 2011 WL 1882790, at *2 (S.D. Tex. May 17, 2011). The test "is an even more exacting standard than traditional constitutional standing." *In re Coho Energy Inc.*, 395 F.3d at 202. "Because bankruptcy cases typically affect numerous parties, the 'person aggrieved' test demands a higher causal nexus between act and injury; appellant must show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court' in order to have standing to appeal.'" *Id.* at 202-03 (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)). Finally, the appellant "bears the burden of alleging facts sufficient to prove that [he] is an appropriate party to appeal." *Diaz*, 2011 WL 1882790, at *2 (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994)).

First, Prince, as an individual, has no standing to appeal. Chow did not file suit against Prince in his individual capacity. The Bankruptcy Court's judgment against the Trust and Robinson did not "directly and adversely" affect him. Although Chow filed suit against Prince as a trustee of the Trust, Prince has no standing to appeal on behalf of the Trust because a non-attorney trustee may not represent a trust before the court. *See Hale Joy Trust v. C.I.R.*, 57 F.

App'x 323, 324 (9th Cir. 2003); *Dillard Family Trust v. Chase Home Fin., LLC*, No. 3:11-CV-1740, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011); *Retired Pers. Fin. Servs. Clients Restitution Trust v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-CV-2658, 2004 WL 937170, at *1 (N.D. Tex. Apr. 29, 2004) (citing *K.M.A., Inc., v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. Unit B 1981)).[2]

III. Conclusion

Based on the foregoing analysis, Chow's motion to dismiss is granted, and Prince's appeal is dismissed.

SIGNED at Beaumont, Texas, this 14th day of January, 2013.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] Because Prince does not have standing to appeal the Bankruptcy Court's order in the adversary proceeding, the court will not entertain his argument to stay the appeal.